# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL LEE NELSON
#20060-18                                                                                          PLAINTIFF

v.                                          4:19-cv-00237-JM-JJV

HIGGINS, Sheriff, Pulaski County; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Michael Lee Nelson ("Plaintiff") is a pretrial detainee in the Pulaski County Regional Detention Facility ("PCRDF"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Sheriff Higgins, Deputy Mitchem, Dr. Roberts, and Dr. Tilley violated his constitutional rights. (Doc. No. 5.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.   ANALYSIS**

Plaintiff alleges that on February 23, 2019, he slipped on water on the floor at the PCRDF and fell, sustaining a concussion and unspecified injuries to his head, neck, and back. (Doc. No. 5.) Defendant Mitchem called a "code-red" emergency and had Plaintiff transported to a local hospital where he received a prescription medication for pain and migraines. (*Id.*) Allegedly, Drs. Roberts and Tilley, who are the regularly treating physicians at the PCRDF, decreased the medications prescribed for Plaintiff by the local hospital. For the following reasons, I conclude Plaintiff has failed to state any plausible § 1983 claims.

First, to properly lead a § 1983 conditions of confinement claim, Plaintiff must provide facts suggesting: (1) objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Sheriff Higgins and Deputy Mitchem were deliberately indifferent to the risk of harm posed by those conditions. *See Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548-49 (8th Cir. 2010). Importantly, negligence and even gross negligence are insufficient to satisfy the second element. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011). Instead, there must be facts indicating deliberate indifference, which is defined as a

3

"reckless disregard of the known risk." *Id.* To meet this high standard, "the official must both be *aware of facts* from which the inference could be drawn that a substantial risk of serious harm exists, and he *must also draw the inference*." *Washington v. Denney,* 900 F.3d 549, 560 (8th Cir. 2018) (emphasis added).

Plaintiff alleges Deputy Mitchem should have warned him about the water on the floor or moved him, rather than leaving him in a "puddle of water," while waiting for medical personnel to arrive.[1] (Doc. No. 5 at 4.) According to Plaintiff, Sheriff Higgins violated the constitution by not having a "policy or written policy" stating what an "officer is suppose [sic] to do" if there is water on the floor and by failing to put wet floor signs in the jail. (*Id.* at 5.) Similarly, Plaintiff says Sheriff Higgins is liable because "water constantly leaks" from the showers and ceiling, and "*most of the time* the deputies as in this case don't do anything to warn the detainees or make an effort to clean it up." (*Id.*) (emphasis). These allegations, at most, suggest negligence but not deliberate indifference. *See Davis v. Dorsey,* 167 F.3d 411, 412 (8th Cir. 1999) (dismissing a pretrial detainee's § 1983 conditions of confinement claim when he alleged "defendants had ignored complaints about standing water in the shower"). Additionally, Plaintiff has not pled any facts suggesting Sheriff Higgins had actual knowledge there was standing water on the jail floors, that his deputies were not taking the proper precautions, or that there was a pattern of detainees falling at the PCRDF. Thus, I conclude Plaintiff has failed to plead a plausible § 1983 conditions of confinement claim against Defendants Higgins and Mitchem.

---

[1] Plaintiff also says Deputy Mitchell violated his constitutional rights by assigning him to a top bunk in violation of a medical script that was written when he was in the PCRDF *two years ago*, in 2017. Plaintiff does not claim he has suffered any injury as a result of his bunk assignment. More importantly, he does not claim medical professionals renewed his bunk restriction when he returned to the PCRDF in 2019. Thus, he has not pled a plausible § 1983 claim against Deputy Mitchem regarding his bunk assignment.

4

Second, to proceed with a § 1983 inadequate medical care claim, Plaintiff must plead facts suggesting: (1) he had an objectively serious need for medical care; and (2) Drs. Roberts and Tilley subjectively knew of, but deliberately disregarded, that serious medical need. *See Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018); *Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018). Plaintiff believes Drs. Roberts and Tilley violated his constitutional rights by changing the medications prescribed by the local hospital. But, it is well settled that a mere disagreement with the "course of medical care fails to rise to the level of a constitutional violation," and that "doctors remain free to exercise their independent medical judgment." *Barr,* 909 F.3d at 921–22. Thus, I conclude Plaintiff has failed to plead a plausible § 1983 inadequate medical care claim against Drs. Roberts and Tilley.

Finally, I have previously explained several of these pleading deficiencies to Plaintiff and given him an opportunity to correct them. (Doc. No. 3.) Nevertheless, his Amended Complaint fails to plead a plausible § 1983 claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

*appeal* from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 20th day of May 2019.

                                                                        _____
                                                                        JOE J. VOLPE
                                                                        UNITED STATES MAGISTRATE JUDGE